IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JOAQUIN ALBERTO MONTOYA | § § | |
| v. | § § | 2:13-CV-175 |
| UNITED STATES OF AMERICA | § | |

**REPORT AND RECOMMENDATION TO DENY
MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE**

Defendant JOAQUIN ALBERTO MONTOYA has filed a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. For the reasons set out, the undersigned United States Magistrate Judge is of the opinion defendant is not entitled to relief and recommends the motion to vacate, set aside, or correct sentence be DENIED.

I.
BACKGROUND

In 1996, after a jury trial, defendant Montoya was found guilty of (i) conspiracy to distribute five or more kilograms of cocaine and (ii) possession with intent to distribute five or more kilograms of cocaine. In the two motions to vacate, defendant alleges the District Court increased his offense level based upon facts not affirmatively proven to the jury and contends the 365-month term of imprisonment he received should be vacated. Defendant initially filed a pro se petition for habeas corpus in cause number 2:13-CV-175, but later retained counsel and filed a second petition in cause number 2:14-CV-96. 2:14-CV-96 has been consolidated into 2:13-CV-175. In response to an order to show cause issued on the second petition, respondent filed a motion to dismiss, claiming the petition was time barred. Because both of petitioner's motions to vacate allege similar claims, the

Court has consolidated the cases and will consider the petitions together.

## II.
## DEFENDANT'S ALLEGATION

Defendant contends his sentence violates *Alleyne v. United States*, ___ U.S. ___, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013). Specifically, defendant contends the amount of drugs determined to have been possessed by him should have been submitted to the jury as a special issue and should have been found by the jury beyond a reasonable doubt before being used to increase his offense level.[1] Petitioner also contends the sentencing judge erred by considering petitioner's conduct leading up to his arrest in deciding to sentence petitioner at the top of the sentencing guideline range.

## III.
## THE TIMELINESS OF THE MOTION

A one-year period of limitation applies to motions filed pursuant to 28 U.S.C. § 2255. 28 U.S.C. § 2255(f); *Dodd v. United States*, 545 U.S. 353, 356, 125 S.Ct. 2478, 162 L.Ed.2d 343 (2005). As applicable to this case, the one-year limitation period starts either on "the date on which the judgment of conviction becomes final" or "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized . . . and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(1), (3).

*A. The Motion is Not Timely Filed Under 28 U.S.C. § 2255(f)(1)*

Under the "date on which the judgment of conviction becomes final" test, the issue is not at all close. As set out in 28 U.S.C. § 2255(f)(1), if there is no direct appeal, "the conviction becomes final for purposes of § 2255 upon the expiration of the 10-day period for filing a direct

---

[1] In his initial pro se application, petitioner contended the amount of drugs, 440 pounds, was never alleged in the indictment. Petitioner's exhibit one, however, shows the amount of cocaine was, in fact, alleged in the indictment.

appeal." *United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008). Defendant Montoya did not file any direct appeal, and his conviction became final ten days after entry of the judgment.[2] Judgment issued August 2, 1996, so the conviction became final August 12, 1996. Consequently, defendant's 28 U.S.C. § 2255 motion was due on or before August 12, 1997. He did not file his motion to vacate until September 3, 2013, over fifteen years late under the dictates of 28 U.S.C. § 2255(f)(1).

In petitioner's second, counseled petition, petitioner claims he is entitled to equitable tolling. While claims under 28 U.S.C. § 2255 are subject to equitable tolling in appropriate cases, *Holland v. Florida*, 560 U.S. 631, 649, 130 S. Ct. 2549, 2562, 177 L. Ed. 2d 130 (2010), petitioner has not presented a case for such tolling. A petitioner is only entitled to equitable tolling if petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Id.* Montoya's petition was due on or before August 19, 1997, but he did not file any post judgment request for relief until October 18, 2010, when he filed a Motion to Reinstate the Appeal, over thirteen years after the AEDPA statute of limitations had run. While there is no hard and fast rule to determine whether a petitioner has acted diligently, a delay of thirteen years before seeking a remedy is outside of what could reasonably be argued to have been diligent. Petitioner claims his trial counsel's alleged failure to perfect his appeal should qualify as an "extraordinary circumstance" entitling him to equitable tolling, but the Fifth Circuit has held that such failures of counsel do not entitle a petitioner to equitable tolling. *Molo v. Johnson*, 207 F.3d 773 (5th Cir. 2000). Likewise, petitioner's

---

[2] The rules regarding direct appeals of federal criminal judgments were amended in 2009 extending the time for appealing a conviction from ten days to fourteen days. However, at the time of defendant's conviction, which is the time period relevant to this case, the ten-day rule was still in effect.

unfamiliarity with the legal process does not entitle him to equitable tolling. *Madden v. Thaler*, 521 F. App'x 316, 323 (5th Cir. 2013). Because petitioner was not diligent in filing his 2255 petition, and has not presented evidence of extraordinary circumstances, petitioner is not entitled to equitable tolling.

### B. The Motion is Not Timely Filed Under 28 U.S.C. § 2255(f)(3)

Defendant also claims 28 U.S.C. § 2255(f)(3) is applicable to his case because of the *Alleyne* opinion. In *Alleyne*, the Supreme Court held, "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." 133 S.Ct. at 2155. The *Alleyne* opinion issued June 17, 2013. Consequently, if § 2255(f)(3) is applicable, this motion would have been due before June 17, 2014 and would be timely filed.

The Court initially notes that the issue petitioner claims should have been presented to the jury, the amount of cocaine petitioner was found guilty of possessing, was, in fact, presented to the jury. In the verdict form, marked as petitioner's exhibit three, the jury found petitioner was guilty "as charged . . . in the indictment." The indictment, marked as petitioner's exhibit one, charged petitioner with possessing "approximately 440 pounds of cocaine." Consequently, from the evidence petitioner provided, it appears the jury did make the determination and the finding that petitioner possessed 440 pounds of cocaine. Petitioner seems to also contend, however, that the trial court was required, under *Alleyne*, to provide a special verdict form by which the jury would have had to specifically identify the amount of cocaine that he possessed. Critically, petitioner does not cite any law for his contention, and *Alleyne* only requires such fact be "submitted to the jury and found beyond a reasonable doubt." Since petitioner was specifically

charged with possessing 440 pounds of contraband, and since the jury found petitioner guilty as charged in the indictment, the jury arguably found that petitioner possessed 440 pounds of contraband.

Even if the Court were to assume the jury failed to find the actual weight of the cocaine possessed by petitioner, petitioner's claim still fails because *Alleyne* is not retroactively applicable on collateral review. *See In re Kemper*, 735 F.3d 211 (5th Cir. 2013).

Even if *Allyene* were retroactive, it would not benefit petitioner. *Allyene* holds that factors which increase the *mandatory minimum* must be found by a jury beyond a reasonable doubt. It does not hold that factors considered by a judge when determining the length of a defendant's sentence, within a particular guideline range, must be found beyond a reasonable doubt. *Allyene*, 133 S. Ct. at 2163 ("Our ruling today does not mean that any fact that influences judicial discretion must be found by a jury"). Petitioner was sentenced pursuant to 21 U.S.C. § 841(b)(1)(A). At sentencing, he was facing a mandatory minimum of ten years to a maximum sentence of life. The judicial determination of 440 pounds (more than 150 kilograms) did not increase the ten-year mandatory minimum. Instead, Montoya's sentence was based upon a judicial finding which merely set the appropriate guideline range.[3] The judicial finding did not increase the mandatory minium, and the sentence received was under the maximum sentence of life. *Allyene* is not applicable to the facts of petitioner's case.

IV.
RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge that both of the

---

[3] The sentence in this case was within the guideline range of 292 months to 365 months.


Motions to Vacate, Set Aside, and Correct Sentence, filed by defendant JOAQUIN ALBERTO MONTOYA be DENIED.

## V.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this ___10th___ day of November 2014.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).